## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| ANTHONY CHAVEZ, | Case No. 20-14989 |
| Debtor. | Hon. Timothy A. Barnes |

## <u>NOTICE OF MOTION</u>

To:    See Attached List

**PLEASE TAKE NOTICE** that on **March 8, 2021 at 1:00 p.m.**, I will appear before the Honorable Timothy A. Barnes; or any judge sitting in that judge's place, and present **Motion Of Suchitra Boonroueng And Mana Boonroueng To Dismiss Bankruptcy Case With Prejudice**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

Meeting ID and password. The meeting ID for this hearing is 161 329 5276 and the password is 433658. The meeting ID and password can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

|  | SUCHITRA BOONROUENG and |
|---|---|
|  | MANA BOONROUENG |
| Dated: February 10, 2021 | By:  /s/ Allen J. Guon |
|  | One of their attorneys |

Allen J. Guon
Cozen O'Connor
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 382-3100

## CERTIFICATE OF SERVICE

Allen J. Guon, an attorney, certifies that he caused to be served a true and correct copy of **Motion Of Suchitra Boonroueng And Mana Boonroueng To Dismiss Bankruptcy Case With Prejudice** upon the Electronic Mail Notice List through the ECF System (unless otherwise indicated) which sent notification of such filing via electronic means on February 10, 2021.

/s/ Allen J. Guon

**Mailing Information for Case 20-14989**

**Electronic Mail Notice List**

- Randall S Borek  rborek@brotschulpotts.com
- Allen J Guon  aguon@cozen.com, allen-guon-6333@ecf.pacerpro.com;cknez@cozen.com
- Cari A Kauffman  ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com
- Patrick S Layng  USTPRegion11.ES.ECF@usdoj.gov
- Alex D Moglia  amoglia@mogliaadvisors.com, IL31@ecfcbis.com
- Jeffrey Snell  jeffrey.snell@usdoj.gov

# Manual Notice List

**Electronic Mail Notice List (in the manner indicated)**

Anthony Chavez
4408 N Racine Ave # 2
Chicago, IL 60640-5662
(Via U.S. Mail - First-Class & Certified Mail - Return Receipt Requested)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| ANTHONY CHAVEZ, | Case No. 20-14989 |
| Debtor. | Hon. Timothy A. Barnes |

**MOTION OF SUCHITRA BOONROUENG AND MANA BOONROUENG TO
DISMISS BANKRUPTCY CASE WITH PREJUDICE**

Suchitra Boonroueng and Mana Boonroueng (the "Boonrouengs") hereby move, pursuant to 11 U.S.C. §§ 707(a) and 349(a) and Fed. R. Bankr. P. 2002(a), for entry of an order (i) dismissing this bankruptcy case with prejudice for cause and (ii) finding that cause exists to bar the Debtor's discharge of the Boonrouengs' debts in any later case that may be filed by the Debtor. In support of the Motion, the Boonrouengs respectfully states as follows:

**Jurisdiction**

1.     On July 31, 2020 (the "Petition Date"), Anthony Chavez (the "Debtor") filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "Bankruptcy Code"), thereby commencing the above-referenced bankruptcy case (the "Case").

2.     On the Petition Date, the Office of the United States Trustee appointed Alex Moglia as the chapter 7 trustee (the "Trustee") of the Debtor's bankruptcy estate.

3.     The Debtor's initial 341 meeting of creditors was scheduled for September 9, 2020, and continued to October 6, 2020. [ECF No. 5.] On October 6, 2020, the Trustee convened the 341 meeting and continued it for additional testimony and documents after withdrawing his initial no-asset report. [ECF No. 16.] Although he tentatively set the continued 341 meeting for November 3, 2020, the Trustee issued a no-asset report on December 20, 2020. [ECF No. 40.]

4.     This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 157(b)(2) and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

**Background**

A.     **The Sale of the Boonrouengs Property**

5.     Prior to the Petition Date, the Debtor owned and operated Mr. & Mr. Clean, L.L.C. ("Mr. Clean") a purported housekeeping and cleaning company with a principal place of business located in Orland Park, Illinois. [ECF No. 1, Sch. A p.10; Sch. H.] The Debtor and Mario Alvarez ("Alvarez") are the managers of Mr. Clean.

6.     On or about August 23, 2019, the Boonrouengs, a married couple in their eighties, sold their real property commonly known as 4710-12 North Sheridan Road, Chicago, Illinois (the "Property") to Mr. Clean for the amount of $1,074,000.00. Mr. Clean financed the acquisition of the Property with the proceeds of a $495,000 loan from Lendterra, Inc. ("Lendterra") and seller financing from the Boonrouengs in the amount of $575,000.

7.     The Property is encumbered by (i) a Mortgage and Security Agreement (the "Lendterra Mortgage") executed by Mr. Clean to secure the indebtedness evidenced by a Promissory Note in favor of Lendterra in the original principal amount of $495,000 and (ii) a Junior Mortgage executed by Mr. Clean, the Debtor and Alvarez to secure the indebtedness evidence by a Balloon Note in the favor of the Boonrouengs in the original principal amount of $575,000. Mr. Clean, the Debtor and Alvarez are all borrowers under the Balloon Note.

8.     In order to induce the Boonrouengs to provide seller financing, the Debtor provided the Boonrouengs with, among other things, copies of a bank statement from Woodforest National

Bank ("Woodforest") for checking account No. XXXXX5072 (the "Checking Account") relating to the period of April 11, 2019 through May 10, 2019 (the "May 10 Statement"). The May 10 Statement provided that the Debtor held $280,005.47 in the Checking Account as of May 10, 2019.

9.      In October 2019, Mr. Clean made a payment to the Boonrouengs in the amount of $2,156.25 on account of the Balloon Note. Neither Mr. Clean, the Debtor nor Alvarez made any additional payment on the Balloon Note.

10.     On or about March 30, 2020, Lendterra filed an action against Mr. Clean, the Debtor and the Boonrouengs in the Circuit Court of Cook County, entitled *Lendterra, Inc. v. Mr. & Mr. Clean, et al.*, Case No. 2020-CH-01669 (the "Foreclosure Action"). In the Foreclosure Action, Lendterra seeks to foreclose on the Lendterra Mortgage and terminate the interests of Mr. Clean, the Debtor and the Boonrouengs in the Property.

11.     Leavitt Acquisitions, LLC ("Leavitt Acquisitions") sought to appear in the Foreclosure Action as the Plaintiff and assignee of the Promissory Note and the Lendterra Mortgage. The Illinois Secretary of State has identified Michael Lerner ("Lerner") as a Manger of Levitt Acquisitions and Orange Properties Investment Corp. ("Orange Properties") is its agent. Angelo Christian ("Christian") is the mortgage broker that assisted the Debtor in obtaining the loan from Lendterra.

**B.      The Chapter 7 Bankruptcy Case**

12.     On October 15, 2020, the Trustee provided counsel for the Boonrouengs a copy a bank statement that the Trustee received from the Debtor's counsel. The bank statement purports to be the Checking Account statement for the period of April 11, 2019 through May 10, 2019. However, the ending balance on this statement indicates that the Debtor held only $918.47 in his Checking Account as of May 10, 2019.

3

13.    On November 9, 2020, the Court entered the *Order Authorizing Rule 2004 Examinations and Extending Deadline to Object to Discharge and Challenge Dischargeability* (the "November 9 Order"). [ECF No. 28.] A copy of the November 9 Order is attached as Exhibit A.

14.    In the November 9 Order, the Court extended the Boonrouengs' deadline to object to the Debtor's discharge and challenge dischargeability to and including February 8, 2021. The Court also ordered the Debtor to produce the following documents to the Boonrouengs' counsel within 14 days: (i) his bank statements at Woodforest, (ii) his tax returns for 2018 and 2019, (iii) the business records of Mr. Clean, including any work performed at the Property, and (iv) information provided to, and all communications with, Lendterra, Christian, Leavitt Acquisition, Orange Properties, Lerner and all other persons or entities in connection with the acquisition and disposition of the Property. The Court further authorized the Boonrouengs to issue Rule 2004 subpoenas to a number of entities including Lendterra, Christian and Woodforest.

15.    On November 23, 2020, the Debtor's counsel, Salvador Lopez, sent an email to counsel for the Boonrouengs and the Trustee producing certain documents in response to the November 9 Order. Mr. Lopez indicated that he was only producing the Debtor's documents that were in Mr. Lopez's files as of October 21, 2020. Mr. Lopez also said that he had not been able to reach the Debtor for over 2 weeks, but that he would continue to reach out to him. A copy of the November 23, 2020 email is attached as Exhibit B.

16.    On December 31, 2020, Mr. Lopez filed his motion to withdraw as Debtor's counsel (the "Motion to Withdraw"). [ECF No. 41.] In the Motion to Withdraw, Mr. Lopez represented that he had been unable to contact the Debtor since November 9, 2020 either by

telephone, email or mail. As a result of Mr. Lopez's inability to communicate with the Debtor, on

January 11, 2021, the Court entered an order granting the Motion to Withdraw. [ECF No. 44.]

17.     As of the filing of this motion, no substitute counsel has entered an appearance on

the Debtor's behalf in the Case. The Debtor is accordingly representing himself pro se.

18.     On January 21, 2021, counsel for the Boonrouengs, Allen Guon, called and emailed

the Debtor at the telephone numbers and email address provided by the Debtor's former counsel.

However, Guon was not able to connect with the Debtor – one of the numbers only rang busy, the

other number appears to have been disconnected and the email was returned as undeliverable. A

copy of January 21, 2021 email and the failed delivery receipt is attached as Exhibit C.

19.     On February 8, 2021, the Court entered an order further extending the

Boonrouengs's deadline to object to the Debtor's discharge and challenge dischargeability to May

8, 2021. [ECF No. 47.]

20.     As of the filing of this motion, counsel for the Boonrouengs has had no

communication with the Debtor nor has the Debtor updated his contact information with the Court.

### **Relief Requested**

21.     By this motion, the Boonrouengs request the entry of an order dismissing this Case

for cause because the Debtor has failed to comply with his obligations under the Bankruptcy Code

and has also unreasonably delayed this Case in a manner that is prejudicial to creditors. The

Boonrouengs also request that this Court find that cause exists to bar the Debtor's discharge of the

Boonrouengs' debts in any later case that may be filed by the Debtor.

### **Basis for Relief**

22.     Section 707(a) of the Bankruptcy Code allows the Court to dismiss a chapter 7 case

for cause, after notice and a hearing. That section provides, in relevant part, that "[t]he court may

dismiss a case under this chapter only after notice and a hearing and only for cause,

including…[u]nreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 707(a)(1). Section 707(a) does not define cause, and only provides illustrative examples of what may constitute such cause. *See, e.g., In re Jakovljevic-Ostojic*, 517 B.R. 119, 126 (Bankr. N.D. Ill. 2014); *In re Sekendur*, 334 BR. 609, 618 (Bankr. N.D. Ill. 2005).

23.     A debtor's bad faith – or a lack of good faith – supports a dismissal for "cause" under § 707(a). *See Jakovljevic-Ostojic*, 517 B.R. at 126. The "bad faith" inquiry looks at the totality of the circumstances but does not require a finding that the debtor had a fraudulent or malicious intent when filing. *Id.* A debtor's failure to comply with the requirements of the Bankruptcy Code also demonstrates a lack of good faith warranting dismissal. *Jakovljevic-Ostojic*, 517 B.R. at 126. As this Court explained, "[d]ebtors earn a discharge by complying with deadlines and making honest and prompt disclosures required under the Bankruptcy Code. This is because the 'successful functioning of the Bankruptcy Code hinges both upon the bankrupt's veracity and his willingness to make full disclosure.'" *Id.* (quoting *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 496 (7th Cir. 2007)). A debtor's compliance with his obligations under the Bankruptcy Code is "essential to receive the protections afforded in bankruptcy." *Id.*

24.     The Boonrouengs are entitled to dismissal of this Case under § 707(a) because the Debtor has failed to comply with his obligations under the Bankruptcy Code and prosecute this Case in good faith. <u>First</u>, the Debtor has failed to comply with the November 9 Order. This Court entered the November 9 Order requiring the Debtor to produce documents to the Boonrouengs by November 23, 2020. The requested documents are necessary for the Boonrouengs to evaluate the Debtor's financial affairs and make a determination whether to object to his discharge or the dischargeability of his debt. To date, the Debtor has failed to fully comply with the November 9 Order and provide the required documents. The Debtor's willful refusal to comply with the

LEGAL\50888990\1

November 9 Order demonstrates a lack of good faith warranting dismissal of the Case. *See* 11 U.S.C. 109(g)(1) (prohibiting an individual from filing bankruptcy petition for 180 days where an earlier case was dismissed "for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.").

25.    <u>Second</u>, the Debtor has failed to comply with his obligation under Fed. R. Bankr. P. 4002(a)(5) to "file a statement of any change of the debtor's address." The Debtor has been unreachable – by mail, email or telephone – since November 9, 2020. Mr. Lopez withdrew his appearance as counsel for the Debtor on January 11, 2021. The Debtor is representing himself pro se and has not updated his address with the Court as required by Fed. R. Bankr. P. 4002(a)(5). The Debtor's refusal to update his address clearly indicates that the Debtor does not intend to appear before this Court and prosecute this Case.

26.    The Boonrouengs are also entitled to dismissal under § 707(a)(1) because the Debtor's actions have caused an unreasonable delay in this Case that is prejudicial to creditors. "The dismissal for unreasonable delay by the debtor to the prejudice of creditors prevents the debtor from filing a petition to take advantage of the protection of the bankruptcy court and subsequently failing to appear or file necessary schedules, or otherwise failing to take any necessary steps for the proper administration of the estate." 6 <u>Collier on Bankruptcy</u> P 707.03 (16th 2020).

27.    The Debtor's refusal to comply with the November 9 Order and provide the Court with his updated contact information has unnecessarily delayed this Case in a manner that is prejudicial to the Boonrouengs and other creditors. The Debtor filed this Case over 6 months ago. As a result of the Debtor's dilatory conduct, the Boonrouengs have been compelled to file multiple motions seeking to extend the deadline to object to the Debtor's discharge and this motion to

7

dismiss the Case. The Debtor is also entirely unreachable by his creditors. Clearly, the Debtor has

no intention of prosecuting this Case.

28.     Finally, 11 U.S.C. § 349(a), authorizes a bankruptcy court, upon a finding of cause,

to bar the discharge, in a later case under this title, of debts that were dischargeable in the case

dismissed." Based on the foregoing, the Boonrouengs request that the Court find, pursuant to

§ 349(a), that cause exists to bar the Debtor's discharge of the Boonrouengs' debts in any later

case that may be filed by the Debtor.

### Notice

29.     The Boonrouengs have provided more than 21 days' notice of this motion on the

Debtor and all parties that have requested notice in this Case.  The Boonrouengs have also provided

more than 21 days' notice of the hearing on this motion to all creditors having deliverable addresses

on the creditors' matrix.

### Conclusion

WHREFORE, Boonrouengs respectfully requests entry of an order (a) dismissing this Case

with prejudice; (b) finding that that cause exists to bar the Debtor's discharge of the Boonrouengs'

debts in any later case that may be filed by the Debtor; and (c) granting such other and further

relief as is just an equitable.

Respectfully submitted,

SUCHITRA BOONROUENG and
MANA BOONROUENG

Dated: February 10, 2021              By:   /s/ Allen J. Guon
                                            One of their attorneys

Allen J. Guon
Cozen O'Connor
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 382-3100

LEGAL\50888990\1

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   20-14989 |
| ANTHONY CHAVEZ, | ) | |
| | ) | Chapter:  7 |
| | ) | Honorable Timothy Barnes |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER AUTHORIZING RULE 2004 EXAMINATIONS AND EXTENDNG DEADLINE
TO OBJECT TO DISCHARGE AND CHALLENGE DISCHARGEABILITY**

Upon the motion of Suchitra Boonroueng and Mana Boonroueng (collectively, the "Boonrouengs"), for entry of an order authorizing them to issue discovery under Fed. R. Bankr. P. 2004, requiring Anthony Chavez (the "Debtor") to produce documents under Fed. R. Bankr. P. 2004, and extending the deadlines to object to discharge and challenge dischargeability (the "Motion");

IT IS HEREBY ORDERED:

1. The Debtor must produce (i) his bank statements at Woodforest, (ii) his tax returns for 2018 and 2019, (iii) the business records of Mr. Clean, including any work performed at the Property, and (iv) information provided to, and all communications with, Lendterra, Christian, Leavitt Acquisition, Orange Properties, Lerner and all other persons or entities in connection with the acquisition and disposition of the Property for inspection and copying at the law offices of Cozen O'Connor, 123 N. Wacker Drive, Ste. 1800, Chicago IL 60606, within 14 days after entry of this Order, and must appear for examination at the law offices of Cozen O'Connor at the address above at a time mutually convenient to the parties.

2. The Boonrouengs are authorized pursuant to Fed. R. Bankr. P. 2004 to examine the Debtor, Mr. & Mr. Clean, L.L.C., Mario Alvarez, Lendterra, Inc., Angelo Christian and Woodforest National Bank, regarding the acts, conduct and property of the Debtor, the liabilities and financial condition of the Debtor, any matter which may affect the administration of the Debtor's estate or the Debtor's discharge.

3. Subpoenas and other process may be issued by the Boonrouengs without further order of Court to Mr. & Mr. Clean, L.L.C., Mario Alvarez, Lendterra, Inc., Angelo Christian and Woodforest National Bank, and may be served on such parties by first class mail or delivery to their residence or place of business.

4. The deadline to object to the Debtor's discharge and challenge dischargeability is hereby extended to and including February 8, 2021.

5. Fed. R. Civ. P. 45 shall apply to any subpoenas issued in accordance with this order.

Enter:

Timothy A. Barnes
United States Bankruptcy Judge

Dated:  November 09, 2020

**Prepared by:**

Allen J. Guon
Cozen O'Connor
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 382-3100

# EXHIBIT B

| | |
|---|---|
| **From:** | Salvador J. Lopez <lopez@robsonlopez.com> |
| **Sent:** | Monday, November 23, 2020 5:02 PM |
| **To:** | Guon, Allen J.; jeffrey.snell@usdoj.gov |
| **Cc:** | Alex Moglia |
| **Subject:** | 20-14989; Anthony Chavez - 1 of 3 |
| **Attachments:** | Mr & Mr LLC Docs.pdf; Anthony scan.pdf; Foreclosure Complaint.pdf; Settlement Statement and Closing DocumentsRS.pdf |

**\*\*EXTERNAL SENDER\*\***

Gentlemen,

In regards to Judge Barnes' order, please see attached documents. I am sending in three parts as the files are too large to send in a single email. I want to clarify that this set of documents is what was in my files as of October 21, 2020, the last time Mr. Chavez supplemented documentation to my office. To be completely forthright, I have not been able to reach Mr. Chavez for the past 2+ weeks. I will continue to try and reach him, but I wanted you to be aware of that fact.

Kind Regards,
***For a faster response please ensure to cc paralegal Sandy Flores at <ins>sflores@robsonlopez.com</ins>.***
.....
Salvador J. Lopez
*Attorney at Law*
<ins>**PLEASE NOTE NEW MAILING ADDRESS:**</ins>
**116 S. Western Avenue**
**Unit 12247**
**Chicago, IL 60612**

### Robson & Lopez LLC
A CONSUMER PROTECTION LAW FIRM
**These numbers do NOT receive text messages.**
o: (312) 523 2166 \*
d: (312) 523 2021\*
f:  (312) 277 6891
\*Office line is recommended. If calling D*irect line please allow up to 48 business hours for a response. Note that these numbers are <ins>NOT</ins> text message capable.*
www.robsonlopez.com

**LEGAL NOTICE. If you are not the individual for whom this email was intended, notify the sender and then delete the email.**  Robson & Lopez LLC directed this communication to, and intended it for the sole use of, the individual or entity to which the sender intended to send it to. It may contain information that is confidential, protected by the attorney-client privilege, and/or exempt from disclosure under applicable law. If you are not the intended recipient, *you are hereby notified* that any distribution, dissemination, or copying of this communication is strictly prohibited. If you have received this communication in error, please contact the sender immediately, and then delete or destroy the material in its entirety.  In accordance with Section 528(b)(2) of the United States Bankruptcy Code, readers of this e-mail are advised that Robson & Lopez LLC is a DEBT RELIEF AGENCY.

# EXHIBIT C

| | |
|---|---|
| **From:** | Guon, Allen J. |
| **Sent:** | Thursday, January 21, 2021 1:34 PM |
| **To:** | anthonychaz1@gmail.com |
| **Subject:** | In re Chavez, Case No. 20-14989 |
| **Attachments:** | 2020-11-09 Order Granting Motion [dckt 28_0].pdf |
| | |
| **Importance:** | High |

Mr. Chavez,

I represent Suchitra and Mana Boonroueng in connection with your bankruptcy case.  On November 9, 2020, the Bankruptcy Court entered an order that required you to produce at my offices the following documents: (i) your bank statements at Woodforest Bank, (ii) your tax returns for 2018 and 2019, (iii) the business records of Mr. & Mr. Clean, including any work performed at 4710-12 North Sheridan Road, Chicago, Illinois (the "Property"), and (iv) information provided to, and all communications with, Lendterra, Christian, Leavitt Acquisition, Orange Properties, Lerner and all other persons or entities in connection with the acquisition and disposition of the Property. The deadline to produce those documents at my offices was November 23, 2020.  For your convenience, a copy of the order is attached.

As of the date of this email, you have not complied with the terms of the order.  Please contact me immediately regarding your compliance with this Court order.  I will seek appropriate relief from the Bankruptcy Court if I do not hear from you by January 25.



**Allen J. Guon**
**Member | Cozen O'Connor**
123 North Wacker Drive, Suite 1800 | Chicago, IL 60606
P: 312-474-4450 F: 312-462-1770
Email | Map | cozen.com

| | |
|---|---|
| **From:** | Mail Delivery Subsystem <MAILER-DAEMON@mx0a-00134401.pphosted.com> |
| **To:** | anthonychaz1@gmail.com |
| **Sent:** | Thursday, January 21, 2021 1:34 PM |
| **Subject:** | Undeliverable: In re Chavez, Case No. 20-14989 |

## Delivery has failed to these recipients or groups:

anthonychaz1@gmail.com
The email address you entered couldn't be found. Please check the recipient's email address and try to resend the message. If the problem continues, please contact your email admin.

The following organization rejected your message: gmail-smtp-in.l.google.com.

**Diagnostic information for administrators:**

Generating server: mx0a-00134401.pphosted.com

anthonychaz1@gmail.com
gmail-smtp-in.l.google.com
Remote Server returned '554 5.1.1 <gmail-smtp-in.l.google.com #5.1.1 SMTP; 550-5.1.1 The email account that you tried to reach does not exist. Please try>'

Original message headers:

```
Return-Path: <AGuon@cozen.com>
Received: from pps.filterd (m0040775.ppops.net [127.0.0.1])
        by mx0a-00134401.pphosted.com (8.16.0.43/8.16.0.43) with SMTP id 10LJXZQH019227
        for <anthonychaz1@gmail.com>; Thu, 21 Jan 2021 14:34:15 -0500
DKIM-Signature: v=1; a=rsa-sha256; c=relaxed/relaxed; d=cozen.com; h=from : to : subject
:
 date : message-id : content-type : mime-version; s=10312018;
 bh=2dWmv6gkty6nW776RYxUgcjyXBqn9Ttiy/F9nnaeu0g=;
 b=owdCDCCizKZ6r2YOfOms+7ijrq1BAVEbZ9C6IJaAhG1pXjNQu4GfgcwD9l10a+e+ALTg
 DQWm0fVe51vt3hFkG0YWRRRoqMRsG5asUXGUDt2TdHRch+Wkhx6n2m7erJ99nRgwCNiq
 VrGC0cdR+Dyz7grQfyX96siNGDEc0F3Pi6J0cDtfUZ9AQHp/PJkjI0srpBfSPc9KLfbp
 c8vYY9aomcpdX78hbGpGUMZIDj/CUjjuCiFKOntosMDnvumMr7nq9r0SIHTVG7AWg7Nk
 xCSvFdIc5xqUuhQZBHNWnkrj8xif33lKFKeZ9up9DRLmbrCmL6ZvA80RVG4D7IIZaOrs ug==
Received: from dcaexch04.cozen.com (dcafw610.cozen.com [67.216.77.250] (may be forged))
        by mx0a-00134401.pphosted.com with ESMTP id 3668pfn9v9-1
        (version=TLSv1.2 cipher=ECDHE-RSA-AES128-SHA256 bits=128 verify=NOT)
        for <anthonychaz1@gmail.com>; Thu, 21 Jan 2021 14:34:15 -0500
Received: from DCAEXCH04.cozen.com (10.145.1.104) by DCAEXCH04.cozen.com
 (10.145.1.104) with Microsoft SMTP Server (version=TLS1_2,
 cipher=TLS_ECDHE_RSA_WITH_AES_128_CBC_SHA256_P256) id 15.1.1913.5; Thu, 21
 Jan 2021 14:34:13 -0500
Received: from DCAEXCH04.cozen.com ([fe80::18b2:f58c:2ac:d499]) by
```

1

DCAEXCH04.cozen.com ([fe80::18b2:f58c:2ac:d499%15]) with mapi id
 15.01.1913.010; Thu, 21 Jan 2021 14:34:13 -0500
From: "Guon, Allen J." <AGuon@cozen.com>
To: "anthonychaz1@gmail.com" <anthonychaz1@gmail.com>
Subject: In re Chavez, Case No. 20-14989
Thread-Topic: In re Chavez, Case No. 20-14989
Thread-Index: AdbwKKHUjphw+SG+QKC60EVwMWrfJg==
Importance: high
X-Priority: 1
Date: Thu, 21 Jan 2021 19:34:13 +0000
Message-ID: <93129c09c25e4a3a98c1d6dd2bfc433c@cozen.com>
Accept-Language: en-US
Content-Language: en-US
X-MS-Has-Attach: yes
X-MS-TNEF-Correlator:
x-pgma-masrq: I
x-originating-ip: [10.145.0.200]
Content-Type: multipart/mixed;
        boundary="_004_93129c09c25e4a3a98c1d6dd2bfc433ccozencom_"
MIME-Version: 1.0
X-Proofpoint-Virus-Version: vendor=fsecure engine=2.50.10434:6.0.343,18.0.737
 definitions=2021-01-21_10:2021-01-21,2021-01-21 signatures=0
X-Proofpoint-Spam-Reason: orgsafe